**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.:**

ENRIQUE MADRINAN,

   Plaintiff,

vs.

FR TOWER SHOPS, LLC, a Delaware Limitad Liability Company, and DMD FLORIDA RESTAURANT GROUP A LLC, d/b/a TWIN PEAKS RESTAURANT, a Florida For profit Limited Liability Company,

   Defendants.

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiff, ENRIQUE MADRINAN, (hereinafter sometimes referred to as "Plaintiff" OR "Mr. Madrinan"), hereby sues the Defendants, FR TOWER SHOPS, LLC, a Delaware Limited Liability Company, ("FR TOWER"), and DMD FLORIDA RESTAURANT GROUP A LLC, d/b/a TWIN PEAKS RESTAURANT, ("DMD FLORIDA"), a Florida Limited Liability Company, (hereinafter sometimes collectively referred to as "Defendants"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the American With Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), at a property

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

bearing the business name "Twin Peaks Restaurant", containing a restaurant, bar and related facilities, located at 2000 South University Drive, Davie, FL 33317 (hereinafter sometimes referred to as the "Subject Premises;").

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, and the subject Premises is located in Broward County, Florida.

## PARTIES

4. Plaintiff, Enrique Madrinan is a resident of the State of Florida, is *sui juris*, and is a qualified individuals under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Plaintiff is limited in one or more major life activities, which requires him to use a wheelchair to ambulate and who retains limited manual dexterity.

6. Plaintiff is a father and professional who travels frequently and dines out often in his personal and professional capacities, and is also an actively social, fiercely independent, highly educated, professionally licensed individual.

7. Plaintiff visited Twin Peaks Restaurant, which forms the basis of this lawsuit, on January 31, 2019.

8. Defendants knew or should have known that it was failing to construct and design the facility to be readily accessible to and usable by individuals with disabilities as required by the ADA.

9. Defendants have intentionally discriminated against this Plaintiff and all those similarly situated.

10. Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards if the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

11. Pursuant to 28 CFR part 36.406(a)(3) this facility was required to provide accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902 at the date of First Occupancy.

12. Pursuant to 28 CFR part 36.406(a)(3), the facility was required to design and construct its bar counters and table seating to be readily accessible to and usable by individuals with disabilities as of the date of first occupancy.

13. Pursuant to 2010 ADA Standard § 902, the facility was required to provide a designed-integrated lowered section of each bar to be accessible in relation to the respective total number of standing and seating spaces at the bars.

14. The Plaintiff was unable to access the bar area because there was no accessible bar counter area.

15. Further, since it provides seating near the bar, it must also provide accessible seating, which it does not, because the booths that are provided adjacent to the bar are inaccessible.

16. Common design modules and schemes approved and used by Defendants' contain bar counters far above the height permitted by law to be accessible.

17. Upon information and belief, Defendants' uniformly approved the use of these unlawful design modules/schemes at its facility intentionally disregarding the accessibility requirements of the ADA.

18. Plaintiff alleges that Defendants approved and utilized these inaccessible modular structures to ensure uniformity of design, feel and functionality at its locations and purposely excluded individuals who require a wheelchair to ambulate, as the instant Plaintiff.

19. Plaintiff further alleges that Defendants' in-house design committees uniformly orchestrated and approved the use of the common design these high bar counters contain.

20. DMD FLORIDA, upon information and belief which operates and owns the restaurant Twin Peaks which is the subject of this action, opened for business on or about March 26, 2013, and is considered subject to the "New Construction" standards of the ADA and its implementing regulations.

21. Plaintiff plans to return to the property to avail himself of the full enjoyment of the amenities, goods services, privileges and accommodations offered to the public at the property, and to determine whether the existing barriers to access at the property, which currently serve to segregated and confine him from accessing a central aspect of this facility, have been remedied to achieve the inclusion required by the ADA statutory and regulatory regimes.

22. However, Plaintiff is deterred from returning to the restaurant Twin Peaks until the architectural barriers to access and discriminatory policies that prevent him from the full and equal enjoyment of the accommodations, goods and services otherwise provided to able-bodied patrons, are removed.

23. The Plaintiff has encountered and has direct knowledge of the architectural barriers to access and discriminatory policies at the subject property which discriminate against him solely on the basis of his disability and which prevent him from exercising his right to the full and equal enjoyment of the goods, services and accommodations otherwise offered by the Defendants to able-bodied patrons. These architectural barriers and discriminatory policies also prevent Plaintiffs from returning to the property to enjoy the goods and services available to the public.

24. Plaintiff is also a tester for the purpose of asserting his civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

25. Due to Defendants' ADA violations set forth herein, Plaintiff was not able to, and still cannot, access the indoor and outdoor bar counter at the premises and avail himself of the full and equal enjoyment of the various amenities, privileges, goods, services and accommodations otherwise offered to able bodied patrons by the Defendants.

26. By designing its indoor bar areas without providing a lowered section at the bar, and failing to proportionately distribute accessible tables near the bar area, DMD FLORIDA has engaged in a deliberate practice and pattern of isolating individuals with disabilities, such as Plaintiff, to areas away from other patrons at the bar in a deliberate but misguided and erroneous attempt to maximize profits by placing high top tables in lieu of accessible seating.

27. The Defendants are intentionally promoting a policy and procedure that serves to isolate, shun, diminish and confine individuals with disabilities away from the "action" and activities otherwise provided to able-bodied patrons at the main bar areas.

28. Because the restaurant Twin Peaks is New Construction, Defendants had a legal duty to ensure that the indoor bar was designed and constructed to be readily accessible to and usable by Plaintiff as of the date of first occupancy. Defendants intentionally failed to do so.

29. Because it is new construction, Defendants may not readily avail themselves of the defenses and exceptions typically available within the ADA alteration standards, including but not limited to, the readily achievable standard.

30. Defendants' failures herein described evince a systematic, purposely thought-through scheme to intentionally discriminate against the Plaintiff which has resulted in a disparate effect and impact upon Mr. Madrinan and all those similarly situated.

31. Plaintiff, a resident of South Florida, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

32. Similar to most able-bodied patrons, Mr. Madrinan and his fiancé look forward to revisiting the restaurant Twin Peaks located at the subject premises to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility, chief among them is the opportunity for a nice, laid back moment nursing a drink at its admittedly very nice bar while raking in the unique atmosphere inside.

33. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Premises.

34. Plaintiff has been, and will continue to be, denied full access and the equal enjoyment of the amenities, services, goods, privileges and accommodations, at the subject premises, as provided by the ADA and the FACBC, unless the injunctive relief requested herein is granted.

35. Defendants' intentionally ignore the ADA requirements, and instead promote discriminatory policies and procedures which prevent access and inclusion, and lead to the inexorable conclusion that, unless the injunctive relief requested herein is granted, access and

inclusion as contemplated by the ADA will not occur at this facility, and Plaintiff will continue to be deterred from and denied full access to the restaurant Twin Peaks.

36. The Defendant, FR TOWER SHOPS, LLC, is registered a Delaware Limited Liability Company, that is authorized to, and does, transact business in the State of Florida. Upon information and belief, this Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, a property located at 2000 South University Drive, Davie, FL 33317.

37. The Defendant, DMD FLORIDA, is a registered Limited Liability Company that is authorized to, and does, transact business in the State of Florida. Upon information and belief, this Defendant is a tenant at the subject premises and is the operator and/or lessee of a restaurant therein which is commonly known as Twin Peaks, located at the subject premises, which is the subject of this action.

**COUNT I**
**Americans With Disabilities Action**
**for Injunctive Relief**

38. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act").

39. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 39 of this Amended Complaint as if fully stated herein.

40. On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

41. Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the Premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

42. The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

43. Pursuant to 42 U.S.C. §12183, Defendants had a legal duty to be in full compliance with the ADA as of January 26, 1993 at the latest. The ADA required Defendants to ensure the bar counters were readily accessible to and usable by individuals with disabilities, such as the Plaintiff, as of the date of first occupancy. Defendants failed to do so.

44. Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

### 1990 STANDARDS - PRE-MARCH 2012 GUIDELINES

45. Prior to March 2012, pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG") (pre-2012). Failure to comply with these requirements constitutes a violation of the ADA.

46. Prior to March 2012, under certain conditions never present here, the ADAAG at 28 CFR 36, App A, 5.2, permitted service at an accessible table nearby to serve as a reasonable accommodation to an actual seat at the Bar.

47. Similarly, prior to March 2012, the ADAAG 28 CFR 36, App A, 7.2(2)(ii) permitted the installation of an auxiliary lowered counter as a reasonable accommodation at certain counters.

48. At all times here relevant, the purpose the ADA and its regulatory regimes is to create inclusion through access.

49. Prior to March 2012, facilities that availed themselves of the above exceptions at the time were nonetheless required to provide the required clearance at the auxiliary counter or side desk and such auxiliary counters and desks were required to be maintained free and clear of all obstructions so as to be usable by individuals with disabilities.

50. The Defendants have not taken advantage of any exception under the ADAAG, and the Main Bar does not provide a lowered auxiliary lowered counter or side desk.

51. Even if Defendants' facility was pre-existing such that an auxiliary counter or side desk was permitted, the designated area would need to provide the opportunity for the full and equal enjoyment of the same amenities, goods, privileges, services and accommodations as the offered to the able-bodied.

## **2010 ADA STANDARDS**

52. In March 2012 (effective date), the 1994 ADAGG was superseded and since then all public accommodations and commercial facilities must since follow the requirements of the 2010 Standards, including both the Title III regulations at 28 CFR part 36, subpart D; and the

2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter the "2010 ADA Standards").

53. The 2010 ADA Standards eliminated the counter exceptions available previously under the 1994 ADAAG and now requires all facilities constructed for first occupancy after March 2012 to design and construct bar counters with a lowered section. Defendants failed to do so.

54. As a result, this part of the restaurant and related facilities must be, but is unable to be, accessed by the Plaintiff.

55. The Defendants have discriminated against the Plaintiff by promoting policies and erecting barriers to access which deny him access to, and the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

56. If the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, which it is, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA. Defendants have failed to so design and construct this facility to fully accessible as required.

57. The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and subpart D and are discriminating against Plaintiff as a result of the following violations:[2]

### THE INSIDE BAR COUNTER AND TABLES

a. There are no permanent accessible standing and seating spaces at the main Bar.
b. There is no lowered accessible counter at the main bar.
c. There are no accessible tables nearest the main bar.
d. There are insufficient accessible seating spaces in relation to the total number of standing and seating spaces at bar area.
e. There is no lowered counter at the service counters near the indoor bar and facing the indoor bar counter and area.
f. There is a side wall service counter at the entrance to the small party room which does not provide a lowered counter.
g. The facility provides booths as an amenity, but all such booths are inaccessible.
h. The only accessible seating provided segregates individuals who require accessible seating at tables to one section of the restaurant to the left as one enters the main entrance and away from the bars and the "action."

### POLICY AND PROCEDURE

i. The Defendants, in order to service disabled patrons with the equal opportunity to participate in all services, programs and activities, fails to provide accessible seating exclusively reserved for patrons who are wheelchair users or have severe physical limitations at the inside Bar, or provide accessible tables near the Bar area in violation of Section 36.302 of the ADAAG.

### OUTDOOR BAR

j. There are no permanent accessible standing and seating spaces at the outdoor Bar.
k. There is no lowered accessible counter at the outdoor bar.

---

[2] Due to the architectural barriers encountered, all areas of the premises were not able to be assessed by the Plaintiffs. Accordingly, the above list is not to be considered all-inclusive. A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

l. There are no accessible tables nearest the outdoor bar.
m. There are insufficient accessible seating spaces in relation to the total number of standing and seating spaces at outdoor bar and dining areas.

58. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' existing ADA violations, including, but not limited to, those set forth above. Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

59. The violations present at Defendants' facility infringe upon Plaintiff's right to travel free of discrimination, socialize, meet friends and further business relations.

60. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendants' facility.

61. By continuing to operate a place of public accommodation with intentionally discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

62. By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.

63. By intentionally maintaining a public accommodation with ADA violations, Defendants deprive Plaintiffs the equality opportunity offered to the general public to freely travel without fear of being subjected to discrimination.

64. In the future, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur, Plaintiffs will once again visit the subject premises, not only to avail himself of the amenities, accommodations, services, programs and activities available at the facility, but also to assure himself that the subject premises is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety.

65. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

66. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

67. The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully request the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices and policies, ordering the

Defendants to alter the subject premises as appropriate to comply with the ADA, ordering the Defendants to maintain accessible features at the premises, and awarding Plaintiffs their attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite modifications are completed.

## COUNT II
### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

57. This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

58. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 39 of this Amended Complaint as if fully stated herein.

59. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[4] and Title II of Public Law No. 101-336,[5]" subject to the additional requirements of Fla. Stat. § 553.504.

60. Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC). The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

---

[4] 28 CFR §§ 36.101, *etseq*, 36.401, *et seq.*
[5] 42 U.S.C.A. § 12131, *et seq.*

61. In addition, Fla. Stat. § 553.502 provides that "nothing in ss. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

62. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code</u>. The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

63. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

64. Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common

Page **16** of **19**

Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

65. At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiff herein.

66. On more than one occasion, Defendants breached its duty to provide access to the subject premises by Plaintiff and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

### THE INSIDE BAR COUNTER AND TABLES

a. There are no permanent accessible standing and seating spaces at the main Bar.
b. There is no lowered accessible counter at the main bar.
c. There are no accessible tables nearest the main bar.
d. There are insufficient accessible seating spaces in relation to the total number of standing and seating spaces at bar area.
e. There is no lowered counter at the service counters near the indoor bar and facing the indoor bar counter and area.
f. There is a side wall service counter at the entrance to the small party room which does not provide a lowered counter.
g. The facility provides booths as an amenity, but all such booths are inaccessible.
h. The only accessible seating provided segregates individuals who require accessible seating at tables to one section of the restaurant to the left as one enters the main entrance and away from the bars and the "action."

### POLICY AND PROCEDURE

i. The Defendants, in order to service disabled patrons with the equal opportunity to participate in all services, programs and activities, fails to provide accessible seating exclusively reserved for patrons who are wheelchair users or have severe physical limitations at the inside Bar, or provide accessible tables near the Bar area in violation of Section 36.302 of the ADAAG.

### OUTDOOR BAR

j. There are no permanent accessible standing and seating spaces at the outdoor Bar.

      k. There is no lowered accessible counter at the outdoor bar.
      l. There are no accessible tables nearest the outdoor bar.
      m. There are insufficient accessible seating spaces in relation to the total number of standing and seating spaces at outdoor bar and dining areas.

43. The Plaintiff has been denied access to, and have been denied the benefits of, services, programs and activities of the premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above. Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage, and will be deterred from returning to the subject premises without the relief provided pursuant to the FACBC as requested herein.

44. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.[7]

45. Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, enjoining Defendants' discriminatory policies and procedures and closing the subject premises and facilities until the requested modifications are completed.

46. The Plaintiff demands a non-jury trial on all issues to be tried herein.

---

[7] *Cf.,Wesley Group Home Ministries, Inc., v. City of Hallendale,* 670 So.2d 1046 (Fla.4th Distr. 1996).

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, awarding Plaintiffs their attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requested modifications are completed.

Date: July 1, 2019                                              Respectfully submitted,

By:*/S/ Camilo F. Ortega*
Camilo F. Ortega, Esq.,
Florida Bar No.: 75387
ORTEGA LAW GROUP, P.A.,
2440 SE Federal Highway, Suite M
Stuart, Florida 34994
Ph: (786) 452-9709
Fax: (772) 617-6201
E-Mail: camilo@ortegalawgroup.com